IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM PARKE CUSTIS,
Petitioner,

v.                                                                                  Civil No. 3:23cv826 (DJN)

DAVID DOUGHTY, *et al.*,
Respondents.

**MEMORANDUM OPINION**

William Parke Custis, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the County of Accomack, Virginia ("Circuit Court"). Respondents[1] have moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. The Court provided Custis with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 32.) Custis filed an Affidavit (ECF No. 25) and two Responses (ECF Nos. 26, 27). As explained below, the Motion to Dismiss (ECF No. 18) will be GRANTED, and the § 2254 Petition (ECF No. 1) will be DENIED as untimely.[2]

---

[1] The named Respondents are Sheriff David Doughty, Probation Officer Sharika Townsend and Head of Probation Ann Wessels. Counsel for Respondents Townsend and Wessels indicates that she does not represent the Sheriff, David Doughty. (ECF No. 20, at 1 n.1.) The proper party respondent under 28 U.S.C. § 2254 is the person who had custody over Custis at the time that he filed his petition. *See* 28 U.S.C. § 2242; *see Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Who that was is unclear. Nevertheless, because Custis's § 2254 Petition is barred by the statute of limitations, the Court need not delve into the proper respondent for the purposes of the disposition of the case.

[2] The Court corrects the capitalization, spelling, and punctuation and omits emphasis in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

## I. PROCEDURAL HISTORY

Custis pled guilty to one count of burglary and two counts of violating a protective order. (ECF No. 20-2, at 1, 3.) On June 19, 2019, the Circuit Court entered judgment against Custis and sentenced him to an active term of incarceration of one year and ten months. (*Id.* at 2, 4.) Custis filed no appeal at that time.

On November 21, 2023, Custis filed his § 2254 Petition.[3] Custis raises the following eighteen claims as "distill[ed] . . . to the most salient points" by Respondents (ECF No. 20, at 2 n.6):[4]

| | |
|---|---|
| Ground 1: | Unlawful arrest – Chris Hargis,[] the arresting officer, is first cousins by marriage, to the alleged victim Gay Savage. Hargis arrested Custis at the scene despite Custis's claims of sleeping in the property and possessing a key to the property. (ECF No. 1-1, at 5.) |
| Ground 2: | Medical condition that prevents formation of necessary criminal intent – Custis is a "Type I Insulin Dependent Diabetic" and when his blood sugar gets too high or too low he lacks the ability to form the necessary intent to be criminally responsible for his actions. Custis struggled to maintain his blood sugar throughout 2018, to include December 10, 2018, the date of the incident. (ECF No. 1-1, at 6.) |
| Ground 3: | Unconstitutional search and seizure – On January 7, 2019, members of the Northampton County Sheriff's Office ("NCSO") and Accomack County Sheriff's Office ("ACSO") went to Custis's home in Exmore, Virginia, and charged him with intimidating a witness, obstruction of justice, and violation of a protective order. Custis was arrested and his cellphone was seized without a warrant. Custis did not receive his cellphone until he was released from prison in July 2020. Custis states that the data on his cellphone confirmed his presence at the crime scene location on December 10, 2018, and provided "a number of fruits of the poisonous tree." (ECF No. 1-1, at 7.) |

---

[3]   This is the date that Custis indicated that he placed his petition in the prison mail system. (ECF No. 1, at 15.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4]   Custis does not dispute the accuracy of this summary.

2

| | |
|---|---|
| Ground 4: | Denial of right to be free from cruel and unusual detainment and punishment – None of the protective orders are valid as Gay Savage testified to the Accomack County Circuit Court in December of 2018 or January of 2019 that Custis had never harmed her in direct contradiction to her initial statement to police on December 10, 2018. Custis was sentenced to indefinite supervision and the protective order prevented Custis from having contact with his minor child, C.C.[] Custis states that the protective order amounts to parental alienation and is the cruelest punishment. (ECF No. 1-1, at 8.) |
| Ground 5: | Denial of right to speedy trial – Custis spent 157 days in custody prior to trial and therefore his right to a speedy trial was violated. (ECF No. 1-1, at 9.) |
| Ground 6: | Inadmissible evidence – Due to the unlawful seizure of Custis's cellphone and trial counsel's ineffective assistance of counsel, none of the evidence [from the cellphone] should be admissible. The victim, Gay Savage, had mental health concerns and was not taking prescribed medication at the time of the offense. Trial counsel was further ineffective in failing to prevent the testimony of either Gay Savage or Kaitlyn Savage from coming into evidence. (ECF No. 1-1, at 10.) |
| Ground 7: | Insufficient Evidence – There was no evidence to support Custis had committed a crime on December 10, 2018. Custis was at the property to speak to the victim, Gay Savage, about Kaitlyn Savage and his minor child, C.C. Custis was concerned about Kaitlyn Savage's drug use.[] Petitioner's cellphone allowed ACSO to produce false evidence for the violation of the protective order. The police, the Commonwealth's Attorney, and Judge wanted Custis "out of the way." (ECF No. 1-1, at 11.) |
| Ground 8: | Failure of the prosecution to disclose evidence favorable to Custis – The prosecution did not disclose that witness Kaitlyn Savage was a confidential informant; that victim/witness Gay Savage was a confidential informant; that multiple messages from Kaitlyn Savage's electronic devices bragged about setting the Petitioner up; that Gay Savage's electronic devices did not contain any communications with Custis after his arrest on December 10, 2018; that spyware was installed on Google accounts belonging to Gay Savage, Kaitlyn Savage, and Custis and that spyware uploaded cellphone information to an unknown server between the hours of 2:00 A.M. and 3:00 A.M.; and that Kaitlyn Savage has been arrested on September 11, 2019, under a sealed indictment for an offense from October 11, 2017. (ECF No. 1-1, at 12.) |

3

Ground 9: Prosecutorial misconduct – Custis was found not guilty in Juvenile and Domestic Relations Court following a bench trial. Commonwealth's Attorney Spencer Morgan told Petitioner to not attend the next trial as the charge was being *"nolle prossed"* and would be directly indicted to the Circuit Court. Prosecutors within the Accomack County Commonwealth's Attorney's Office coached Gay Savage and Kaitlyn Savage in regard to their testimony. Custis's illegally seized cellphone had false evidence of contact with Gay Savage implanted on it according to an employee of the County IT Department that Custis is friends with. (ECF No. 1-1, at 13.)

Ground 10: Perjured testimony – Gay Savage and Kaitlyn Savage made factually false statements of material fact while under oath to include when the romantic relationship between Gay Savage and Custis ended. Custis has evidence showing that their relationship did not end in March of 2018 and that they were still together in December of 2018. (ECF No. 1-1, at 14.)

Ground 11: Ineffective assistance of counsel. (ECF No. 1-1, at 15–16.)
1) Trial counsel, Paul Watson, represented Custis and witness Kaitlyn Savage, at the same time. Watson was aware that Kaitlyn Savage was an informant for the Eastern Shore Drug Task Force.
2) Watson did not prepare for trial:
    A) Watson did not subpoena witnesses to confirm the veracity of Facebook messages indicating that the victim was setting up Custis.
    B) Watson did not subpoena witnesses to confirm the state of the property where the burglary occurred.
    C) Watson failed to question the arresting officer regarding his relationship with the victim's family.
    D) Watson did not independently question witnesses or investigate the veracity of their claims.
    E) Watson did not review possible defenses with Custis, including Custis's mental state.
    F) Watson did not prepare a defense to incorporate Custis's diabetic condition.
    AND Watson did not conduct pre-trial discovery.
    G) Watson did not investigate the case.
        i) Watson did not follow up on Custis's claim that the broken door of the trailer had a "natural demise."
        ii) Watson did not subpoena the victim or witness for access to their social media accounts.
        iii) Watson did not explore the facts that Custis had a key to the property.

        iv) Watson did not impeach the witnesses despite knowing about the mental state and drug use of the witnesses.

        v) Watson did not challenge the alleged motive for the witnesses' decision to take out charges against Custis, namely the custody dispute of the minor child, C.C.

        vi) Custis is once again in jail for challenging custody a second time.

3) Custis was pressured by Watson to accept the plea deal during the times that Watson was actively under investigation by the state bar and Watson would be disbarred three months after the plea was entered.[]

4) Watson did not object to the renewed protective order.

5) Watson failed to assist Custis in withdrawing his guilty plea.

6) Watson did not prepare a case to present at trial.

| | |
|---|---|
| Ground 12: | Plea of guilty was unlawfully induced – Given the systematic failures and Watson's pressure, Custis was unlawfully induced into accepting the plea and was convinced to not fight the charges. (ECF No. 1-1, at 17.) |
| Ground 13: | Plea of guilty was made involuntary by additional conditions imposed – Custis was motivated to accept the plea because the protective order was set to expire upon his release. However, Judge Lewis renewed the protective order for an additional two years on June 6, 2019, which negated the benefits of the plea agreement. Additionally, Judge Lewis imposed indefinite probation making Custis's sentence a "life sentence." Custis would have been better off taking his chances at trial. (ECF No. 1-1, at 18.) |
| Ground 14: | Denial of right to unbiased judge – Custis provided a "Motion to Recuse" at ECF No. 1-1, at 22–30. (ECF No. 1-1, at 18.) |
| Ground 15: | Cumulative prejudice – Custis was set up by the failures on the part of law enforcement, the court, his trial attorney, and the prosecuting attorney. (ECF No. 1-1, at 19.) |
| Ground 16: | Actual innocence – Custis was predictable in his behavior and would call Gay Savage on the phone to advise her that he was on his way to the home and would always arrive 43 minutes later. (ECF No. 1-1, at 19.) |
| Ground 17: | Denial of right of due process/appeal – Custis attempted to secure alternative legal help while incarcerated in Accomack County Jail and would exhaust his supply of paper and envelopes in doing so. |

> The Accomack County Clerk's Office failed to provide Custis with the correct form to appeal his case to the Court of Appeals of Virginia. (ECF No. 1-1, at 20.)

Ground 18:   Denial of right to free speech – Custis incorporated this in his "Motion to Recuse" at ECF No. 1-1, at 22–30. (ECF No. 1-1, at 20.)

Motion to Recuse (Ground 14 & 18):   Custis asserts that the Eastern Shore is a small community. Custis's ex-wife, Marissa Custis, is a fourth-degree relation of the trial judge, Judge Revell Lewis.[] Judge Lewis's granddaughter is very close with her family, to include Marissa Custis. Judge Lewis is biased against Custis. The victim, Gay Savage, is also a cousin of Judge Lewis's granddaughter. In 2020, Custis made public posts on social media condemning the actions of the trial judge and prosecutor and was subsequently subject to a protective order barring him from contact with either party, in violation of his First and Fifth Amendment rights. Judge Lewis continued to serve as judge on unrelated cases where Custis was the defendant to include the appeal of a protective order violation on November 12, 2021. On November 21, 2021, Custis's new attorney, Kelly Dicorrado, spoke to Judge Lewis in chambers with Commonwealth's Attorney Spencer Morgan and Judge Lewis advised he was not aware of a protective order between him and Custis. (ECF No. 1-1, at 22–30.)[]

(ECF No. 20, at 2–7 (third alteration in original).)

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    **(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    **(C)**    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Custis's judgment became final on Friday, July 19, 2019, when the time to note an appeal to the Court of Appeals of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment). Thus, Custis had one year, or until Monday, July 20, 2020, to file a petition pursuant to 28 U.S.C. § 2254. Custis failed to file his § 2254 Petition until November 21, 2023, more than three years beyond the limitation period.[5]

---

[5] Custis contends that his state court judgement is not final because he has been sentenced to indefinite probation and because he keeps violating his probation "the time has not yet begun to toll," and the Court of Appeals of Virginia could review appeals of his probation violations. (ECF No. 1-1, at 2.) However, what Custis challenges in this § 2254 Petition are his underlying convictions for burglary and violating protective orders, not any subsequent probation violations. The burglary and violation of protective order convictions became final on July 20, 2020.

7

### C. No Entitlement to Statutory Tolling

Custis filed a notice of appeal in the Court of Appeals of Virginia on February 19, 2024 (ECF No. 20-3, at 1), after he filed his § 2254 Petition on November 21, 2023, and nearly four years after the federal limitation period had already expired. Clearly, Custis lacks any entitlement to statutory tolling for any pending appeal. *Deville v. Johnson*, No. 1:09CV72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Consequently, the one-year statute of limitations bars Custis's § 2254 Petition unless he can demonstrate entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)–(D) or that some equitable exception allows him to avoid the statute of limitations.

### D. Belated Commencement

In attachment to his § 2254 Petition form, Custis has provided a list entitled "Justification for Delayed 2254 Filing 2244 D 1." (ECF No. 1-1, at 2.) Custis seemingly advances two arguments to excuse his tardy filing: (1) a state-created impediment prevented him from filing, and (2) he is entitled to equitable tolling.[6]

---

[6] Custis also vaguely suggests he is entitled to a belated commencement under § "2244(D)(1)(d)" because he "discovered the details of a federal writ for state habeas corpus in the first week of August 2023, at which time the 1 year period of limitation began to toll pursuant to 2244(D)(1)(d)." (ECF No. 1-1, at 3.) Custis contends that a "lack of any resource to discover the availability of habeas corpus relief is sufficient for a delayed filing." (ECF No. 27 ¶ 12.) Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Custis does not allege that he did not know the facts underlying his claims, just that he did not know that he could file a federal § 2254 Petition. This is not sufficient to satisfy § 2244(d)(1)(D).

8

### 1. State-Created Impediment in Violation of the Constitution

A claim for belated commencement due to State action "must satisfy a far higher bar than that for equitable tolling." *Saunders v. Clarke*, No. 3:11CV170, 2012 WL 689270, at *7 (E.D. Va. Mar. 2, 2012) (quoting *Leyva v. Yates*, No. CV 07–8116–PA, 2010 WL 2384933, at *3 (C.D. Cal. May 7, 2010)). To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008)). "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). A court "should grant relief only where a petitioner is 'altogether prevented . . . from presenting his claims in *any* form, to *any* court.'" *Saunders*, 2012 WL 689270, at *7 (quoting *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009)). Thus, a prisoner "must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations." *Id.* (citing *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010)).

Custis suggests that the "Clerk of Circuit Court of Accomack County, Sam Cooper, Jr., and supervising officer Captain Roger of [Northumberland County Sheriff's Office] are both past and current impediments to filing as such, time has not yet begun to toll." (ECF No. 1-1, at 2.) Under his section of "due diligence," Custis states that he wrote "to the circuit court clerks and ask[ed] for any other available legal options." (ECF No. 1-1, at 2.)[7] It is unclear why Custis

---

[7] Custis also contends that he was only "allowed one 15 minute visit" to the law library "in an entire year while representing himself for a violate protective order." (ECF No. 1-1, at 2.) However, in his Affidavit in response to the Motion to Dismiss, Custis clarifies that this law

9

contends these actions demonstrate a state-created impediment to filing his federal habeas petition. First, Custis fails to identify any State action that violated the Constitution.[8] To the extent that Custis faults the clerk for not providing him legal advice, he provides no explanation with respect to how these actions were unconstitutional. Thus, for this reason alone, Custis fails to demonstrate the requisite unconstitutional state action to satisfy § 2244(d)(1)(B).

Custis also fails to demonstrate that such action actually prevented him from timely filing a § 2254 Petition. Custis indicated that he did not know that he could file a § 2254 Petition until August of 2023. Thus, to the contrary, Custis's own inaction caused the late filing of his § 2254 Petition and was not caused by any state-created impediment. In sum, Custis fails to show how these state officials both violated the Constitution or laws of the United States and how they prevented him from filing his federal habeas petition. *See Ocon-Parada*, 2010 WL 2928590, at *2 (citation omitted). Thus, he fails to demonstrate the requisite unconstitutional state action to satisfy § 2244(d)(1)(B).

### E.  Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*

---

library visit was in March of 2019, which was prior to his conviction in his case and could not serve as a state-created impediment to his filing of his federal habeas petition because he had yet not been convicted on the charges underlying this § 2254 Petition. (ECF No. 25 ¶ 6.)

[8]  In his Response to the Motion to Dismiss, Custis claims that "jailers refused to provide paper, pens, pencils, envelopes, and even toilet paper and soap on occasions." (ECF No. 27 ¶ 10.) However, Custis fails to allege specific facts about how this conduct violated his constitutional rights or how it actually prevented him from timely filing his § 2254 Petition.

at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Custis asserts that the Court should consider his § 2254 Petition timely, because he exercised due diligence by writing and speaking to attorneys, the Circuit Court and jail house lawyers to ask about his options and either no one replied, they were unhelpful or they told him that he had no available options. (ECF No. 1-1, at 2; ECF No. 25, at 1–2.) Essentially, Custis argues that he is entitled to equitable tolling, because attorneys would not represent him, and he was forced to proceed *pro se*. In his Affidavit in response to the Motion to Dismiss, Custis also suggests that he was on lockdown because of COVID until his release in July 2020 (ECF No. 25 ¶ 2), and his diabetes was not well treated so "he slept poorly" and "found it extremely difficult to concentrate and was unable to articulate his thoughts clearly." (*Id.* ¶ 5.) These circumstances are not so extraordinary as to warrant equitable tolling.

First, to the extent that Custis argues that several attorneys told him that he had no legal options, an error or omission of counsel is not an extraordinary circumstance and fails to serve as a ground for equitable tolling. *See Rouse v. Lee*, 339 F.3d at 238, 248–49 (4th Cir. 2003) (explaining that even "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000))). Additionally, "even in the case of an unrepresented

11

prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted). Further, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Sosa*, 364 F.3d at 513 (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). Custis has not identified an extraordinary circumstance that would warrant equitable tolling.

Custis has also failed to demonstrate that he exercised diligence in seeking to file his § 2254 Petition in the many months after his convictions became final on July 19, 2019. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). While he wrote to attorneys to inquire about his legal options at some unidentified time,[9] Custis fails to identify any action that he took to advance his federal rights between July 2019 and July 2020. Besides writing to attorneys, Custis appears to have done

---

[9] Custis states that he spoke with an attorney in February 2020, who told him that "he had no other legal options." (ECF No. 25 ¶ 3.) However, Custis fails to identify with specificity any action that he took prior to or after this meeting to pursue his federal rights.

12

exactly nothing during this time. Accordingly, Custis fails to show that he is entitled to equitable tolling and his § 2254 Petition is time-barred.[10]

### III. CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss (ECF No. 18) will be GRANTED. Custis's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Custis.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: November 4, 2024

---

[10] In the alternative, Respondents correctly argue that Custis failed to exhaust his state court remedies. Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or by a state habeas proceeding. Custis clearly has not presented any of his claims to the Supreme Court of Virginia by direct appeal or in a state habeas proceeding. Thus, his claims are also unexhausted and barred from review here.